**The below described is SIGNED.**



**Dated: June 28, 2010**    _William J. Thurman_

_____
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Chief Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH

|  |  |
|---|---|
| In re:<br><br>Fred Fausett Cranmer,<br><br>Debtor(s). | Case No.  10-22994<br><br>Chapter 13 |

### MEMORANDUM DECISION DENYING CONFIRMATION OF CHAPTER 13 PLAN

The matter before the Court is the consideration of confirmation of the proposed

Amended Chapter 13 Plan filed by Fred Fausett Cranmer ("Debtor").  At the hearing, Paul James

Toscano appeared for the Debtor and the Chapter 13 Trustee, Kevin R. Anderson ("Trustee")

appeared.  The Trustee  has objected to confirmation of the Debtor's plan.  The issue before the

Court is whether Debtor may exclude Social Security Income ("SSI") from his projected

disposable income ("PDI") analysis.

For the reasons stated below, the Court concludes that SSI must be included in the PDI

analysis and that exclusion of SSI is a factor in determining whether a plan is filed in good faith.

### JURISDICTION

The Court has jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 157 and 1334.

This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(L).  Venue is appropriate

under 28 U.S.C. § 1408.

## FACTUAL BACKGROUND

The Debtor filed his Chapter 13 petition for relief on March 12, 2010.  The Debtor must

comply with 11 U.S.C. § 707(b)[1] to be eligible for chapter 13 relief and official Form 22C

("Form 22C") was drafted to implement compliance with § 707(b) and therefore the calculation

on Form 22C must be accurate.  The Debtor's original and amended Form 22C  shows the

Debtor's current monthly income ("CMI") as $4,945.16 which exceeds the median family

income for a household of the same size in Utah.  The Debtor did not include his or his non-

filing wife's SSI on the Form 22C.  The Debtor's monthly Disposable Income ("DI") reflected on

the amended Form 22C is $292.44.

On April 21, 2010, the Trustee filed an objection to confirmation as the Debtor "backed

out" some of the SSI on Schedule J by creating a line expense for the SSI resulting in some of it

being excluded from PDI.  The Trustee argues that the § 101(10A)(B) exclusion of SSI relates

only to Form 22C and does not extend to Schedules I and J and thereby objects to the Debtor

listing "exempt social security funds" as an expense.  For plan confirmation, the Court considers

income and expenses set forth on the Debtor's Schedules I and J.  If the SSI were not backed out

on Schedule J, the plan payment and the return to unsecured creditors would be greater than

currently proposed.

---

[1]Statutory references herein are to Title 11 of the United States Code, unless stated
otherwise.

The Debtor filed a response to the Trustee's objection citing 42 U.S.C. § 407 which

states:

> (a) The right of any person to any future payment under this title
> shall not be transferable or assignable, at law or in equity, and none
> of the moneys paid or payable or rights existing under this title
> shall be subject to execution, levy, attachment, garnishment, or
> other legal process, or to the operation of any bankruptcy or
> insolvency law.
> (b) No other provision of law, enacted before, on, or after the date
> of the enactment of this section, may be construed to limit,
> supersede, or otherwise modify the provisions of this section
> except to the extent that it does so by express reference to this
> section.
> (c) Nothing in this section shall be construed to prohibit
> withholding taxes from any benefit under this title, if such
> withholding is done pursuant to a request made in accordance with
> section 3402(p)(1) of the Internal Revenue Code of 1986 by the
> person entitled to such benefit or such person's representative
> payee.

The Debtor argues there is no reference in § 1325(b)(2) that supersedes 42 U.S.C. § 407 and thus

the Trustee is prohibited from requiring the Debtor's to include SSI in his plan payment to

disburse to creditors.  The Debtor also argues that previous decisions which included SSI as part

of § 1325(b)(2) "disposable income" did so based on the voluntary filing of a chapter 13;

however, the Debtor argues the voluntariness of a chapter 13 is suspect with the passage of the

Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub-L 109-8)

("BAPCPA").  The Debtor advances other arguments in favor of exempting his SSI when

calculating his monthly payment.

The Debtor has amended his Schedules I and J four times; however, his Schedule I,

representing his monthly income, has remained the same from the original filing of the Statement

of Financial Affairs and Schedules on March 24, 2010.  The Debtor's Schedule I shows $4,329

as the combined monthly average income as follows:

|  | Debtor | Non-filing Spouse |
|---|---|---|
| 1. Monthly gross wages, salary and commission | $1,277 |  |
| 4. Less Payroll Deductions |  |  |
| Payroll taxes and social security | $671 |  |
| Insurance | $55 |  |
| Other (401(k), Health Savings Plan, Employer Loan) | $495 |  |
| 5. Subtotal of payroll deductions | $1221 |  |
| 6. Total Net Monthly Take Home Pay | $56 |  |
| 11. Social Security | $1,270 | $670 |
| 12. Pension or retirement income | $2,333 |  |
| 14. Subtotal of 11 and 12 | $3,603 | $670 |
| Average monthly income (Line 6 + 14) | $3,659 | $670 |
| Combined Average Monthly Income | $4,329 |  |

The Debtor's original Schedule J, representing his monthly expenses, showed a positive monthly

net income of $1,765 on Line 20c as the Debtor did not back out the SSI from the original

Schedule J.  On March 26, 2010, the Debtor amended Schedule J and included a line item

expense "exempt sosical [sic] security funds" of $1,464.  The Debtor and his non-filing spouse

receive a total of $1,940 as SSI; however, the line item expense for exempt SSI is less than their

total SSI otherwise the Debtor would have a negative monthly net income on Line 20c which

would create a feasibility problem under § 1325(b)(6).

The Debtor filed his second amended Schedules I and J on April 29, 2010, which had the

same line item expense on Schedule J for the SSI of $1,464.  On May 20, 2010, the Debtor filed

a third amended budget which listed two line item expenses for the SSI as the non-filing spouse's

exempt social security funds of $520[2] and Debtor's exempt social security funds[3] of $944; again,

the amount exempted is less than the $1,940 received from SSI.  The Debtor filed his fourth

amended Schedules I and J on May 21, 2010, which again had two line item expenses for the

SSI, the non-filing spouse's exempt funds remained at $520 but the Debtor's exempt social

security funds needed for dependent was reduced to $544.  In all the Schedule Js filed by the

Debtor, the total amount of SSI claimed as exempt is less than what is received by the Debtor and

his  non-filing spouse; accordingly, the Debtor must include part of the SSI in order to propose a

positive budget showing ability to make the monthly payment.

The Debtor's current plan proposes one payment of $50 and then monthly payments of

$400 for fifty-nine months to pay attorney's fees of $1,524, priority claims estimated at $2,664,

and pro rata distribution to unsecured from any funds remaining.  No other claims or expenses

are to be paid through the plan.  The Debtor also proposes to contribute the excess over $1,000 of

the aggregate annual federal and state tax refunds to the plan during its first three years.  Based

on the Debtor's amended Form 22C, the Debtor is required to return no less than $17,546.40[4] to

unsecured creditors.  The Debtor's Schedule F lists $31,620 of unsecured debt with $31,018

---

[2] The $150 difference between the non-filing spouse's social security income on schedule
I ($670) and the line item expense on Schedule J ($520) is most likely due to another line item
expense on Schedule J for spouse's separate expenses of $150.

[3]This entry is accompanied by with the parenthetical "needed for dependent."

[4]The amended Form 22C shows monthly Disposable Income of $292.44 and the
applicable commitment period is sixty months.  At the hearing, the Trustee stated the Debtor did
not take an allowable deduction on the Form 22C and the required return would only be
$15,146.40.

listed as credit card debt accrued in 2009 totaling approximately ninety-eight percent of the

unsecured debt.

The Court conducted a confirmation hearing on May 25, 2010 at which time the parties

offered argument in support of their respective positions.  The Court took the matter under

advisement at the conclusion of the hearing.

## ANALYSIS

There is no dispute that SSI is statutorily excluded from both the calculation of CMI

under § 101(10A)[5] and the calculation of DI under § 1325(b)(2)[6] as both calculations are

determined by using Form 22C.  However, the Tenth Circuit Court of Appeals ("Tenth Circuit")

in In re Lanning[7] determined that CMI and DI calculations are different than the calculation of

PDI found in § 1325(b)(1)(B)[8]; this distinction was upheld by the United States Supreme Court

("Supreme Court") with its decision of Hamilton v. Lanning.[9]  In Lanning, the Tenth Circuit

---

[5]Section 101(10A): The term "current monthly income" – means the average monthly income from all sources that the debtor receives (or in a joint case, the debtor and the debtor's spouse receive) without regard to whether such income is taxable income ... but excludes benefits received under the Social Security Act....

[6]Section 1325(b)(2): For purposes of this subsection, the term "disposable income" means current monthly income received by the debtor...less amounts reasonably necessary to be expended ...for maintenance or support of the debtor or a dependent....

[7]545 F.3d 1269 (10th Cir. 2008).

[8]Section 1325(b)(1)(B): If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan – the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

[9]560 U.S. —, No. 08-998, slip op at 6 (June 7, 2010).

determined that Congress' use of PDI in § 1325(b)(1)(B) rather than DI (as defined by CMI from

the Form 22C) meant that Congress intended PDI to have a different meaning than DI.[10]  DI is

calculated using income from the six month period prior to filing bankruptcy whereas PDI is a

forward looking analysis.[11]  In most cases, the forward looking analysis begins and ends with the

calculation of DI; however, in unusual cases, courts may go "further and take into account other

known or virtually certain information about the debtor's future income."[12]

The term PDI was not changed by BAPCPA.[13]  PDI was introduced in the 1984

amendments to the Bankruptcy Code as an economic test of the debtor's best efforts.[14]  Pre-

BAPCPA case law remains informative and instructive post-BAPCPA because Congress "does

not write on a clean slate" when it amends the bankruptcy code.[15]  Furthermore, without a clear

indication that Congress intended a departure from previous bankruptcy practice those past

practices should continue.[16]

Courts considering whether SSI should be included in PDI calculation pre-BAPCPA have

held that the exempt status of SSI does not exclude it from calculation of PDI.  This was

---

[10]In re Lanning, 545 F.3d at 1280 (citing In re Hardacre, 338 B.R. 718 (Bankr. N.D. Tex. 2006)).  See also Hamilton v. Lanning 560 U.S. —, slip op at 10.

[11]In re Lanning, 545 F.3d at 1278-1280. See also Hamilton v. Lanning 560 U.S. —, slip op at 8.

[12]Hamilton v. Lanning, 560 U.S. —, slip op at 12-13.

[13]Id. at 10.  See also In re Briscoe, 374 B.R. 1, 17 (Bankr. Colo. 2007) and In re Wilson, 397 B.R. 299, 305 (Bankr. M.D.N.C. 2008).

[14] Id. (Briscoe) at 16.

[15]Dewsnup v. Timm, 502 U.S. 410, 419 (1992).

[16]Hamilton v. Lanning, 560 U.S. ___ (2010) *10.

addressed by the bankruptcy court in Illinois in In re Schnabel[17] wherein a retired debtor filed for

relief under chapter 13 with monthly income of $3,587 composed solely of pension and SSI

(including his non-filing spouse's SSI) and proposed a thirty-six month plan with payments of

$714 to return 39% to unsecured creditors.[18]  The Schnabel Court determined that the SSI had to

be included in the PDI analysis.  It reasoned that the debtor's "fresh start is not imperiled by

requiring him to make payments to creditors out of his social security and pensions benefits."[19]

The Court found the purpose of the bankruptcy code would be contravened by allowing the

debtor to exclude part of the SSI and obtain a discharge "without the corollary requirement to use

[his SSI] to pay creditors as much as he is able."[20]  Furthermore, the Court found that excluding

exempt income from the PDI analysis would thwart "legislative intent that consumer lenders be

able to look to the debtor's future income as a basis for consumer loans" which in turn prevents

increases to costs of consumer credit.[21]  Lastly, the Court determined that the non-filing spouse's

SSI needed to be included in the PDI analysis because the debtor's budget included her share of

expenses.[22]

By analogy, in In re Koch,[23] decided by the Eighth Circuit Court of Appeals, the debtors

---

[17]153 B.R. 809 (Bankr. N.D.Ill. 1993).

[18]Id. at 812.

[19]Id. at 817.

[20]Id. at 818.

[21]Id.

[22]Id.

[23]109 F.3d 1285 (8th Cir. 1997).

filed for relief under chapter 7 and the United States Trustee filed a motion to dismiss asserting a

discharge would result in substantial abuse as the debtors had $1,443 of PDI on schedules I and J,

which included Mr. Koch's worker's compensation benefits exempted by state law.[24]  The Court

found that "the exempt income question becomes something of a two-edged sword for

prospective Chapter 13 debtors" as the exempt income would be included in order to satisfy the

requirements of a chapter 13.[25]  The Court concluded that the exempt income should also be

included in the substantial abuse determination because "Congress is free to limit chapter 7

protection to truly needy debtors who cannot fund a chapter 13 plan with exempt and non-exempt

income."[26]

    This Court also previously addressed including SSI in PDI in a post-BAPCPA case, In re

Timothy.[27]  The debtors in Timothy had above median income with negative DI calculated on

Form 22C, but Schedules I and J showed monthly net income of $130 by including SSI of

$1,141.[28]  The debtors had to include their SSI to establish confirmability under § 1325(a)(6)[29]

but did not want to have to commit the SSI for the entire applicable commitment period.  The

Court was troubled by the debtors' intent to include SSI for purposes of § 1325(a)(6) but exclude

---

[24]Id. at 1287.

[25]Id. at 1289.

[26]Id. at 1290.

[27]No. 08-28332, 2009 WL 1349741 (Bankr. Utah May 12, 2009)

[28]Id. at *1-2.

[29]Section 1325(a)(6) states: Except as provided in subsection (b), the court shall confirm a
plan if the debtor will be able to make all payments under the plan and to comply with the plan.

it for § 1325(b)(1)(B) purposes and was "unwilling to accept the proposition that Congress

intended to give debtors the discretion to dictate the amount of future disposable income they

want to contribute to a plan" particularly when the intent of BAPCPA is to ensure debtors repay

creditors the maximum they can afford.[30]

There are some post-BAPCPA cases which have taken the view that SSI should be

excluded from PDI based on the definition of DI from § 101(10A).[31]  But at least one of those

courts which excluded SSI from PDI determined that SSI is still part of the determination on

whether a plan has been proposed in good faith under § 1325(a)(3).[32]  In In re Upton, the above

median income debtors filed for relief under chapter 13 and did not include the husband's SSI on

Form 22C but did so on Schedule I.[33]  The calculation on Form 22C indicated DI of $168.90

while the net excess income from Schedules I and J showed $2,689.98; the debtors proposed a

plan payment of only $2,150.  While the Court held that the SSI need not be considered when

---

[30]In re Timothy 2009 WL 1349741 at *6-7.

[31]See In re Wilson, 397 B.R. 299, 319 (Bankr. M.D.N.C. 2008)(social security income of
the Debtor's non-filing spouse will not be included in the determination of the Debtor's income
for purposes of Section 1325(b)(1)(B)). In re Upton, 363 B.R. 528, 535 (Bankr. S.D.Ohio
2007)(consideration of benefits received under the Social Security Act is inappropriate for
determining projected disposable income). In re Ward, 357 B.R. 741, 745 (Bankr. W.D.Mo.
2007)(the debtor is correct that her social security income is not required to be included in the
analysis of whether she is contributing all of her projected disposable income to her plan but
social security income must be included on Schedule I so parties can consider whether plan is
filed in good faith).  But see In re Calhoun, 396 B.R. 270, 276 (Bankr. D.S.C. 2008)(in §
707(b)(3) context, it is not proper to report and subtract social security income to shield from
creditors because Congress knew how to exclude benefits when writing BAPCPA).

[32]Section 1325(a)(3) provides that "Except as provided in substionc (b), the court shall
confirm a plan if the plan has been proposed in good faith and not by any means forbidden by
law."

[33]In re Upton, 363 B.R. at 530.

10

determining PDI, it is included in the good faith analysis which looks at the proposed payment

and the amount of debtors' surplus.[34]  The Court continued the confirmation hearing to allow the

debtors to present evidence on their good faith.[35]

This Court has its own good faith inquiry governed by a totality of the circumstances test

from the Tenth Circuit's decision of Flygare v. Boulden.[36]  Under Flygare, the court's totality of

the circumstances analysis is governed by eleven non-exclusive factors with the amount of the

proposed payments and the amount of the debtor's surplus as most applicable to this situation.[37]

The court is free to look beyond the eleven factors at any circumstance relating to the debtor's

good faith.

In addition, some post-BAPCPA courts include SSI as part of the analysis of the United

States Trustee's § 707(b)(3)[38] motion to dismiss in chapter 7 cases.  In In re Booker[39], the Court

found the debtors' ability to pay should be viewed under the totality of the circumstances test and

---

[34]Id. at 535.

[35]Id.  See also In re Barfknecht, 378 B.R. 154 (Bank W.D.Texas 2007) (non-inclusion of
social security income without more cannot constitute abuse of the bankruptcy process).  See also
In re Rodgers, Slip Op, 9:09-bk-13886 (Bankr. M.D.Fla. May 14, 2010)(did not find good faith
to confirm plan when debtors had excess income from excluded social security income that was
not contributed to plan payment).

[36]709 F.2d 1344 (10th Cir. 1983).

[37]Id. at 1347-1348.

[38]Section707(b)(3) states that: In considering under paragraph (1) whether the granting of
relief would be an abuse of the provisions of this chapter in a case in which the presumption in
subparagraph (A)(I) of such paragraph does not arise or is rebutted the court shall consider -
(A)whether the debtor filed the petition in bad faith; or (B) the totality of the circumstances... of
the debtor's financial situation demonstrates abuse.

[39]399 B.R. 662 (Bankr. W.D.Mo. 2009).

was not bound by the definition of CMI and could consider the debtors' SSI when looking at the

debtors' ability to pay unsecured creditors.[40]  The Booker Court relied on In re Calhoun[41] wherein

that Court found it was inappropriate for debtors to add in SSI on Schedule I and then back it out

on Schedule J.[42]  The Court determined that Congress did not exclude SSI from the § 707(b)(3)

totality of the circumstances test and therefore should be included in the debtors' ability to pay

unsecured creditors analysis.[43]

Here, even with the exclusion of SSI on Form 22C, the Debtor is an above median

income debtor as his CMI is above Utah's median income for a family of two.  However, the

Debtor's Form 22C CMI varies greatly from the Schedules I and J net monthly income

computation.  The Debtor is seeking to exclude his SSI from PDI to prevent the surplus from

being paid into the plan.

This Court finds that here the Debtor's Schedules I and J are a better gauge of the

Debtor's current financial situation and ability to pay rather than the mechanical approach from

Form 22C.  As stated by the Supreme Court in Hamilton v. Lanning "in cases in which a debtor's

disposable income during the 6-month look back period is either substantially lower or higher

than the debtor's disposable income during the plan period, the mechanical approach would

produce senseless results."[44]  Here, the Debtor's CMI from the 6-month look back period is

---

[40]Id. at 667-668.

[41]396 B.R. 270 (Bankr. D.S.C. 2008)

[42]Id. at 276.

[43]Id.

[44]560 U.S. —, Slip Op at 14.

significantly lower than the Debtor's PDI as the CMI does not include the SSI.  Therefore, the

mechanical approach does not make sense because it allows the Debtor to retain excess PDI that

should be included in plan payments.  The CMI from the Form 22C does not reflect all sources of

income available to the Debtor.  This Court determines that this is the "unusual" case the

Supreme Court meant in Hamilton v. Lanning where there are other known sources of income

that should be included in the calculation of PDI.[45]

The inclusion of SSI in PDI is consistent with pre-BAPCPA procedures.  It is appropriate

to continue calculating PDI in the same manner because PDI was not amended by BAPCPA

despite Congress' opportunity to do so.  Congress does not write on a clean slate when amending

the bankruptcy code and without indication that a change should occur, past bankruptcy practices

should continue unless specifically and statutorily changed.[46]  This Court is not persuaded by the

post-BAPCPA cases which exclude SSI from PDI.  This Court previously recognized a

distinction between PDI and CMI/DI[47] and the Tenth Circuit Bankruptcy Appellate Panel

("BAP") and the Tenth Circuit adopted a similar distinction.[48]  The Supreme Court affirmed that

distinction in Hamilton v. Lanning.[49]  Thus, this Court is not persuaded that excluding SSI from

PDI is appropriate.  This Court's decision to include SSI in PDI is further influenced by the fact

---

[45]Id. at 12-13.

[46]Id. at 10 and Dewsnupp v. Timm, 502 U.S. at 419.

[47]In re Jass, 340 B.R. 411 (Bankr.D.Utah 2006).

[48]In re Lanning, 380 B.R. 17 (10th Cir. BAP Kan. 2007) and In re Lanning, 545 F.3d 1269 (10th Cir. 2008).

[49]560 U.S. —, Slip Op.

that SSI is being included in the ability to pay test from § 707(b)(3).[50]  There would be

inconsistent results if SSI is included in the § 707(b)(3) analysis but not in the § 1325(b)(1)(B)

analysis.  Accordingly, the Debtor's SSI must be included in the PDI analysis for §

1325(b)(1)(B).

Additionally, the Debtor must propose his plan in good faith in order for the Court to

confirm the plan.  One of the Flygare[51] factors for determining whether a plan is proposed in

good faith is the amount of the proposed payments and the amount of the debtor's surplus.  Here,

the Debtor's payments equal his surplus, but only because he "backs out" some of the SSI by

listing a line item expense for it on Schedule J.  If the Debtor did not back out part of the SSI,

there would be a surplus of funds available to add to his plan payment.

Another troubling issue when evaluating the Debtor's good faith is the Debtor's schedule

F indicates $31,018 of unsecured credit card debt accumulated in 2009.  The Debtor's Statement

of Financial Affairs does not indicate significant income from employment in 2009 when he was

accruing the credit card debt. The Debtor had the same employer in 2009 that he has now and

was drawing on his pension in 2009 as well.[52]  It appears the Debtor is in a similar financial

situation now as when he was accruing the credit card debt.  However, approximately one year

after accruing that credit card debt, the Debtor seeks to exempt part of his SSI to prevent

additional pay back to his creditors despite no significant change in the Debtor's employment or

---

[50]In re Booker, 399 B.R. 662 (Bankr. W.D.Mo. 2009) and In re Calhoun, 396 B.R. 270
(Bankr. D.S.C. 2008).

[51]709 F.2d 1344 (10th Cir. 1983).

[52]It is likely the Debtor was also drawing SSI in 2009 as well but it was not listed.

sources of income.  Accordingly, based on the Debtor's backing out part of the SSI through a

Schedule J expense and accrual of significant debt in year prior to filing bankruptcy, the Court

determines the Debtor has not proposed his plan in good faith.

The Debtor also argues that filing chapter 13 is no longer voluntary for above median

debtors after BAPCPA.  Thus he contends any pre-BAPCPA cases requiring SSI be included in

PDI is no longer good law.  The Court disagrees.  The Debtor voluntarily filed for chapter 13

bankruptcy relief and the Debtor is seeking to have the benefit of a bankruptcy discharge but does

not want to have the burden of complying with the requirements needed to obtain that discharge.

Bankruptcy, although provided for in the Constitution, is a legislatively created benefit, not a

right and Congress may alter and withhold that benefit at its discretion.  As stated by the Koch

Court "Congress is free to limit chapter 7 protection to truly needy debtors"[53] which appears to be

one of the driving purposes of BAPCPA.  A debtor has no constitutional or "fundamental" right

to a discharge in bankruptcy.[54]  Therefore, by voluntarily filing a chapter 13, the Court concludes

the Debtor is volunteering his SSI in PDI just as other debtors did pre-BAPCPA.

CONCLUSION

If a debtor seeks relief and the benefits of bankruptcy, the debtor must comply with all

statutory requirements.  Under § 1325(b)(1)(B), in order for a Court to confirm a case when the

Trustee or an unsecured creditor objects, the debtor must provide all PDI as a plan payment.

Although SSI is not included in the Form 22C calculation of CMI or DI, it must be included

---

[53]109 F.3d at 1290.

[54]Grogan v. Garner, 498 U.S. 279, 286 (1991), citing United States v. Kras, 409 U.S. 434,
445-46 (1973).

when determining PDI.  A plan is not proposed in good faith when the debtor's SSI is excluded

from PDI.  A separate order accompanying this decision will be entered.

---------------------------------------------END OF DOCUMENT-------------------------------------------

ORDER SIGNED

## SERVICE LIST

Service of the foregoing **MEMORANDUM** will be effected through the Bankruptcy Noticing Center to each party listed below.


Fred Fausett Cranmer
1891 Atkin Avenue
Salt Lake City, UT 84106
     *Debtor*

Paul James Toscano
10 Exchange Place, Suite 614
Salt Lake City, UT 84111
     *Attorney for Debtor*

Kevin R. Anderson
405 South Main Street, Ste 600
Salt Lake City, UT 84111
     *Chapter 13 Trustee*


Office of the United States Trustee
Ken Garff Bldg.
405 South Main Street, Ste 300
Salt Lake City UT 84111
     *U.S. Trustee*

